IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DARREN SMITH                                              PLAINTIFF

v.                          No. 2:20-cv-12-DPM

CITY OF FORREST CITY, ARKANSAS, a
Municipal Corporation;  DEON LEE,
Individually and as Chief of the Forrest City Police
Department;  and CEDRIC WILLIAMS,
Individually and As Mayor of the City of
Forrest City, Arkansas                                   DEFENDANTS

ORDER

1.     Darren Smith worked his way up to lieutenant at the Forrest

City Police Department.  The road was less than smooth.  Deon Lee, the

department's chief, fired Smith.   In this case, Smith makes various

claims about his firing.   Many of the material facts are undisputed.

Where some genuine dispute exists, the Court takes the record in

Smith's favor.  *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

A few months after joining the department as a patrolman in 2014,

Smith made waves by questioning, in an official document, why the

department's investigative division hadn't looked into the death of

Louis Thompson.  Like Smith, Thompson was a black man.  Smith said

a white man's death would have been investigated more thoroughly

and with better departmental resources.  Local news outlets picked up

the story and scrutinized the department's reasons.  Notwithstanding good performance, Smith didn't get promoted to sergeant when he became eligible.  Smith believed he was passed over for speaking up and highlighting the department's potentially discriminatory investigative practices.  He was promoted to sergeant within a year of joining the force.

The department disciplined Smith four times during his approximately five years as a police officer.  One of those disciplinaries, from 2015, related to charges of unnecessary force against a minor;  the letter of reprimand Smith received should have been removed from his personnel file after two years.  It was not.  Two more incidents, both in 2016, involved fraternization with and intimidation of coworkers.  The department demoted Smith in April 2016 and then reinstated him to the rank of sergeant.  The following year, in July 2017, he was promoted to lieutenant.  He was not disciplined for almost two years after that. He remained outspoken about some of the department's investigative, disciplinary, and promotion practices.  In April 2019, Smith got into a shouting and shoving match with a citizen whose house was being searched.  Videos and reports circulated.  Chief Deon Lee reviewed the videos, reports, and Smith's personnel file and decided to fire Smith. He sent him a letter, stating the reasons, which included Smith's disciplinary history.  Cedric Williams, the mayor of Forrest City,

approved and said so in a letter to Smith after a brief meeting between the two at city hall.

Smith sues over his lost job. He claims the defendants' actions violated Title VII, 42 U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act—because those actions were race-based and gender-based, plus in retaliation for Smith's criticisms of the department. He also presses a wrongful-termination claim under state law. The defendants request summary judgment. Smith requests a trial. Are there any issues that a jury must resolve? *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

2.      Some threshold points. First, the official-capacity Title VII and ACRA claims against Lee and Williams duplicate the claims against the City. *Televen v. University of Minnesota*, 73 F.3d 816, 819 (8th Cir. 1996); *Arkansas Department of Environmental Quality v. Al-Madhoun*, 374 Ark. 28, 34, 285 S.W.3d 654, 659 (2008). All those official-capacity claims will be dismissed without prejudice. Second, the individual-capacity claims under Title VII and ARK. CODE ANN. § 16–23–107 will be dismissed with prejudice. Supervisors can't be held individually liable under Title VII or the anti-discrimination provisions of the ACRA. *Clegg v. Arkansas Department of Correction*, 496 F.3d 922, 925 (8th Cir. 2007); *Marrow v. City of Jacksonville*, 941 F.Supp. 816, 820 (E.D. Ark. 1996). Third, the Court will deal with qualified immunity issue by issue

because that immunity rises or falls with the merits. *Burton v. Arkansas Secretary of State*, 737 F.3d 1219, 1229–35 (8th Cir. 2013).

3.      Smith's proof of discrimination is indirect, so the Court applies the *McDonnell Douglas* framework. *Lucke v. Solsvig*, 912 F.3d 1084, 1088 (8th Cir. 2019); *Banks v. Jones*, 2019 Ark. 204, at *6–7, 575 S.W.3d 111, 116. Only a modest evidentiary showing is required, *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010), and the Court assumes Smith has made a *prima facie* case.

The City has offered a legitimate, nondiscriminatory reason for the firing. The department values its relationship with the community and concluded that Smith's use of force in the field, reasonable or not, could damage that relationship. That's a legitimate reason to fire an officer. Smith says that the City is barred by equity from relying on that reason. *Doc. 34 at 23–24.* There's no dispute about whether Smith cursed at or pushed a citizen; he did both at the search scene. Smith argues hard that the City is judicially estopped from asserting that he did anything wrong in the search-related incident because the City denied any wrongdoing by Smith in another case growing out of that incident. The City's denial came in its answer in the related case. And the plaintiff voluntarily dismissed his Fourth Amendment claims before the Court resolved them on the merits. In these circumstances, there was insufficient reliance by the Court to estop the City from

taking a contrary position in this case. *Schaffart v. ONEOK, Inc.*, 686 F.3d 461, 469–70 (8th Cir. 2012).

The City gives other reasons for firing Smith, too. But if Smith's conduct in 2016 didn't prevent the City from promoting him to lieutenant in 2017, it's doubtful those reasons, even in the aggregate, justify his eventual firing. The City's shoving-and-cursing reason suffices. Smith's claims come down to pretext.

Smith offers comparators, and says that they—plus Lee's failure to follow established departmental disciplinary policies—warrant an inference of pretext. At this stage, the comparator standard is rigorous, and Smith hasn't found anybody who was similarly situated to him in all relevant respects. *Smith v. URS Corp.*, 803 F.3d 964, 970 (8th Cir. 2015). Smith was Forrest City's only lieutenant. So, no white or woman lieutenant is among those on Smith's final list. *Doc. 34 at 10-11.* The department's leniency with young and inexperienced patrolmen shouldn't control its treatment of higher ups. The department treated Smith similarly when, as a relatively new hire, he used unnecessary force against a restrained minor. *Doc. 39 at 11–12.*

It's true that Lee didn't follow the letter of the department's policies in dealing with Smith's misconduct, but Smith, in a plaintiff's gambit, forcefully concedes that deviations were common. *Doc. 39 at 26–27.* The department routinely put function over form in disciplinary proceedings. More importantly, there is no indication that the

deviation here was a means for Lee to discriminate against Smith. *Russell v. TG Missouri Corp.*, 340 F.3d 735, 746–47 (8th Cir. 2003).  At the time there was no superior officer (other than the chief) to handle an investigation and pursue discipline.  The policy's architecture, which involved quasi-adversarial proceedings before the chief after another supervising officer's recommendation, simply did not fit the circumstances.  The parties' dispute centers on Lee's methods, not his authority, under the policy.  Disciplinary shortcuts sometimes raise questions unrelated to unlawful discrimination, but there are none that Smith's pleading requires the Court to address.

Smith hasn't offered sufficient evidence to support a verdict that his firing was more likely motivated by race or gender than by his unbecoming conduct. *Schaffhauser v. United Parcel Service, Inc.*, 794 F.3d 899, 904 (8th Cir. 2015).  In the circumstances, no reasonable juror could find that Lee and Williams discriminated against Smith because he is a black man.  *Burkhart v. American Railcar Industries, Inc.*, 603 F.3d 472, 473–74 (8th Cir. 2010).   Lee's and Williams's actions were not unconstitutional, so the City has no liability here, either.  *Turpin v. County of Rock*, 262 F.3d 779, 784 (8th Cir. 2001).  In any event, Smith's firing was objectively reasonable, *Herts v. Smith*, 345 F.3d 581, 585 (8th Cir. 2003), and, even if they made a mistaken judgment, Lee and Williams are entitled to qualified immunity on the individual-capacity § 1983 claims.

**4.**     The federal and state retaliation claims also fail.  Smith has not shown a sufficient connection between his challenges to the department's investigatory and disciplinary practices and his firing. *Blomker v. Jewell,* 831 F.3d 1051, 1059–60 (8th Cir. 2016); *Hill v. City of Pine Bluff,* 696 F.3d 709, 715–16 (8th Cir. 2012).  A reasonable juror could not conclude that, but for the Thompson incident and Smith's frequent in-office critiques of Lee's personnel decisions, he would not have lost his job.  Again, the City has no liability, *Burkhart,* 603 F.3d at 473–74, and Lee and Williams are immune from suit. *Burton,* 737 F.3d at 1236–37.

**5.**     Having resolved all of Smith's federal claims, the Court declines to exercise supplemental jurisdiction over the wrongful-termination claim.  28 U.S.C. § 1367(c)(3); *Nagel v. City of Jamestown,* 952 F.3d 923, 935 (8th Cir. 2020).

* * *

The defendants' motion for summary judgment, *Doc. 22,* is granted, with one carve out.  Smith's discrimination and retaliation claims will be dismissed with prejudice. Smith's wrongful-termination claim under Arkansas law will be dismissed without prejudice.  The pending motions *in limine, Doc. 41 & 43,* are denied as moot.

So Ordered.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_25 October 2021_